1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | | |
|---|---|---|
| ARTHUR J. WHEELER, | ) | Case No. 2:10-cv-00866-GMN-PAL |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| TERRIBLE HERBST, | ) | (IFP & Complaint - Dkt. #1) |
| Defendant. | ) | |
| | ) | |

Plaintiff Arthur Wheeler is proceeding in this action *pro se*.  He has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis* and submitted a Complaint on May 26, 2010. This proceeding was referred to this court by Local Rule IB 1-9.

## I.   *In Forma Pauperis* Application

Plaintiff has submitted the affidavit required by § 1915(a) showing that he is unable to prepay fees and costs or give security for them.  Accordingly, his request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a).  The court will now review the Complaint.

## II.   Screening the Complaint

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(e).  Specifically federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 129 S.Ct. at 1950.  Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 1949.  Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly,* 550 U.S. at 570.

Plaintiff filed his Complaint on the court's civil rights complaint form pursuant to 42 U.S.C. § 1983.  To state a claim under section 1983, a plaintiff must allege that a right secured by the Constitution has been violated, and the deprivation was committed by a person acting under color of state law.  West v. Atkins, 487 U.S. 42 (1988) (citation omitted).  States and state officers sued in their official capacity are not "persons" for the purposes of a section 1983 action, and generally, they may not be sued under the statute. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989).  Section 1983 does allow suits against state officers in their individual capacities. *Hafer v. Melo*, 502 U.S. 21, 26 (1991). Here, Plaintiff has made no allegations that there were any violations committed by a government official or a person acting under color of state law.  Thus, Plaintiff has failed to state a claim under § 1983.

Here, Plaintiff alleges that Defendant Terrible Herbst discriminated against him on the basis of race and age, and subsequently retaliated against him by wrongfully terminating him.  Specifically, Plaintiff asserts that certain Hispanic employees of Defendant Terrible Herbst were given preferential treatment–including obtaining Plaintiff's days off and graveyard shift–by their Hispanic manager, Juan.  Plaintiff states he was employed with Defendant Terrible Herbst for seven months, was doing a

2

1  "great job," and when the Hispanic employees started, they attempted to get rid of the black employees.

2  Plaintiff also alleges he was sexually harassed.

3      It appears Plaintiff is also attempting to state claims against Defendant pursuant to Title VII of

4  the Civil Rights Act of 1964.  Title VII allows persons to sue an employer for discrimination on the

5  basis of race, color, religion, gender or national origin.  Title VII requires a Plaintiff to exhaust both

6  state and Equal Employment Opportunity Commission ("EEOC") administrative procedures.  Once a

7  plaintiff files charges with the EEOC, the commission will investigate the charges, attempt to reach a

8  settlement, and decide whether to sue the employer or refer the decision to sue to the Attorney General

9  if the charges are against a state or local governmental entity.  *Id*.  If the EEOC or Attorney General

10  decides not to sue and if there is no settlement that is satisfactory to plaintiff, the EEOC will issue

11  plaintiff a right-to-sue letter and plaintiff will have exhausted his remedies with the EEOC.  *See* 42

12  U.S.C. § 2000e-5(f)(1).  After receipt of the right to sue letter, plaintiff may sue in federal or state court.

13  *Id*; *see also Yellow Freight Sys., Inc. v. Donenelly*, 494 U.S. 820, 825-26, 110 S.Ct. 1566, 108 L.Ed.2d

14  834 (1990).  Plaintiff has not attached the right to sue letter to his Complaint, but he states that he has

15  exhausted his administrative remedies, and there was a hearing.  *See* Complaint at 8.

16      In order to prove a *prima facie* case of discrimination, Plaintiff must establish: (a) he belonged

17  to a protected class; (b) he was qualified for his job; (c) he was subjected to an adverse employment

18  action; and (d) similarly situated employees not in his protected class received more favorable

19  treatment.  *Moran v. Selig*, 447 F.3d 748, 753 (9th Cir. 2006) *(citing Kang v. U. Lim Am., Inc.*, 296 F.3d

20  810, 818 (9th Cir. 2002)).  Plaintiff has stated the basic elements of a discrimination claim by alleging

21  he was doing a "great job" and was discriminated against solely because he is black and not Hispanic.

22      Title VII also allows persons to sue an employer for retaliation when an employer improperly

23  seeks to punish a person for conduct protected by the Act.  To prove a *prima facie* case of retaliation in

24  violation of Title VII, Plaintiff must establish: (1) that he committed a protected act, such as

25  complaining about discriminatory practices; (2) that he suffered some sort of adverse employment

26  action; and (3) a causal connection between his protected activity and the adverse act. *See Davis v.*

27  *Team Elec Co.*, 520 F.3d 1080, 1093-94, (9th Cir. 2008).  Plaintiff has not alleged that he was engaged

28  / / /

1  in any protected activity, and therefore, has failed to state a claim for retaliation.  Therefore, this claim
2  will be dismissed with leave to amend.

3       It also appears that Plaintiff is attempting to state a claim for hostile work environment under
4  Title VII by reference in his Complaint to "sexual harassment."  In order to prove a *prima facie* case of
5  a hostile work environment in violation of Title VII, Plaintiff must show: (a) that he was subjected to
6  sexual advances; (b) that this conduct was unwelcome;  and (c) that the conduct was sufficiently severe
7  or pervasive to alter the conditions of the victim's employment and create an abusive working
8  environment.  *Ellison v. Brady*, 924 F.2d 872 (9th Cir. 1991).  Plaintiff has alleged no facts to support a
9  claim for sexual harassment.  Accordingly, Plaintiff's sexual harassment claims will be dismissed with
10  leave to amend.

11       If Plaintiff chooses to amend his Complaint, he is informed that the court cannot refer to a prior
12  pleading (i.e., his original complaint) in order to make the amended complaint complete.  This is
13  because, as a general rule, an amended complaint supersedes the original complaint.  *See Loux v. Rhay*,
14  375 F.2d 55, 57 (9th Cir. 1967).  Local Rule 15-1 requires that an amended complaint be complete in
15  itself without reference to any prior pleading.  Once a plaintiff files an amended complaint, the original
16  complaint no longer serves any function in the case.  Therefore, if Plaintiff chooses to amend his
17  complaint to state claims for retaliation and sexual harassment, he must also re-allege his discrimination
18  claim.

19       Based on the foregoing,

20       **IT IS ORDERED** that:

21  1.  Plaintiff's request to proceed *in forma pauperis* is **GRANTED**.  Plaintiff shall not be
22      required to pay the filing fee of three hundred fifty dollars ($350.00).

23  2.  Plaintiff is permitted to maintain this action to conclusion without the necessity of
24      prepayment of any additional fees or costs or the giving of a security therefor.  This
25      Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of
26      subpoenas at government expense.

27  3.  The Clerk of the Court shall file the Complaint and shall issue Summons to Defendant,
28      and deliver the same to the U.S. Marshal for service.  Plaintiff shall have twenty days in

which to furnish the U.S. Marshal with the required Form USM-285.  Within twenty days after receiving from the U.S. Marshal a copy of the Form USM-285, showing whether service has been accomplished, Plaintiff must file a notice with the court identifying whether defendant was served.  If Plaintiff wishes to have service again attempted on an unserved defendant, a motion must be filed with the court identifying the unserved defendant and specifying a more detailed name and/or address for said defendant, or whether some other manner of service should be attempted.  Pursuant to rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within 120 days from the date this order is entered.

4.  From this point forward, Plaintiff shall serve upon Defendant, or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading motion or other document submitted for consideration by the court.  Plaintiff shall include with the original papers submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the Defendants.  The court may disregard any paper received by a District Judge or Magistrate Judge which has not been filed with the Clerk, and any paper received by a District Judge, Magistrate Judge, or the Clerk which fails to include a certificate of service.

5.  Plaintiff's claims for retaliation and sexual harassment are **DISMISSED** for failure to state a claim upon which relief can be granted, with leave to amend.  Plaintiff will have thirty days from the date that this Order is entered to file his Amended Complaint, if he believes he can correct the noted deficiencies.  Failure to comply with this Order will result in the dismissal of these claims.

Dated this 14th day of July, 2010.


PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

5