UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| ARTHUR J. WHEELER, | ) | Case No.: 2:10-cv-00866-GMN-PAL |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| TERRIBLE HERBST, a Nevada corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## INTRODUCTION

Before the Court is Defendant's Motion to Dismiss (ECF No. 9). Plaintiff filed an untimely Response on September 8, 2010 (ECF No. 11) and Defendant filed a Reply on September 16, 2010 (ECF No. 12). Plaintiff's Motion to Amend is also pending (ECF No. 8).

Having considered the pleadings and arguments offered by the parties, IT IS HEREBY ORDERED THAT Defendant's Motion to Dismiss (ECF No. 9) is GRANTED.

## FACTS AND BACKGROUND

Plaintiff, Arthur Wheeler, was proceeding in this action *pro se* when he filed a Complaint on May 26, 2010 against Defendant, Terrible Herbst Oil Corporation. This Court granted Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) and, upon screening the Complaint pursuant to §1915(e), this Court dismissed Plaintiff's claims for retaliation and sexual harassment for failure to state a claim upon which relief can be granted, with leave to amend. (Order ¶ 5, pg. 5, ECF No. 3). However, Plaintiff's claim for discrimination under Title VII of the Civil Rights Act of

1965 survived the screening Order. (*See* Order, ECF No. 3).

Plaintiff timely filed a motion to amend the complaint on August 12, 2010. (ECF No. 8).  However, the amended complaint consists of only two letters.  The entirety of the first letter is three sentences:

> *This letter is to Amend the charge of Sexual Harassment by the Supervisor Ruben.  The EEOC, probledly [sic] did not investigated [sic] deep enough.  I have Dates and times these incident Happen [sic], and its on Film.*

(Id.).

The second letter states as follows:

> *This letter is to Amend the Charge of Retaliation, because I was denied unemployment Insurance, when I appealed to the unemployment supervisor, He [sic] said Terrible Herbst Retaliated Against [sic] me. Terrible Herbst did not even show up for the unemployment Hearing [sic].*

(Id.).

Additionally, there is no proof of service nor certificate of service demonstrating that the Amended Complaint was served on Defendant despite this Court specifically stating that service was required in its July 14th Order:

> From this point forward, Plaintiff shall serve upon Defendant, or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading motion or other document submitted for consideration by the court. Plaintiff shall include with the original papers submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the Defendants. The court may disregard any paper received by a District Judge or Magistrate Judge which has not been filed with the Clerk, and any paper received by a District Judge, Magistrate Judge, or the Clerk which fails to include a certificate of service.

(Order ¶ 4, pg. 5, ECF No. 3).

Defendant filed a Motion to Dismiss Complaint or in the alternative Motion to

Strike Amended Complaint or in the Alternative Motion for Summary Judgment on August 19, 2010. (ECF No. 9).  An automated Minute Order was issued on August 20, 2010 advising Plaintiff that he had fourteen (14) days from the date of the Minute Order to respond to the Motion to Dismiss. (ECF No. 10).  However, Plaintiff untimely filed his Response on September 8, 2010, five days after the deadline. (ECF No. 11).  Plaintiff's Response consists of one sentence:

> *I, Arthur J. Wheeler would Like for you Not to dismiss this Case, because the [sic] I have proof I am now looking for a Lawyer.*

(Response, ECF No. 11).    Less than one month later, on October 4, 2010, Plaintiff filed a Notice of Change of Attorney, whereby Richard Segerblom, Esq. was substituted as Plaintiff's attorney of record. (ECF No. 13).  However, as of this date, Plaintiff's new attorney has not yet moved to file any supplemental information.

## DISCUSSION

**A.     Legal Standard**

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted.  A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See North Star Int'l. v. Arizona Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 127 S.Ct. 1955, 1964 (2007).  However, facts must be sufficient to edge a

complaint from the conceivable to the plausible in order to state a claim. *Id.*   In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).  The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

The Supreme Court recently clarified that, in order to avoid a motion to dismiss, the complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ---- U.S. ----, 129 S.Ct. 1937, 1949 (2009).  The Court in Ashcroft further stated "[w]here a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* Therefore, merely making an allegation is not enough to survive a motion to dismiss; facts that a particular defendant may plausibly be liable for the alleged conduct must be pled.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . .  However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990) (citations omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Moreover, under Fed. R. Evid. 201, a court may take judicial notice of

"matters of public record." *Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

Local Rule of Civil Practice sets forth rules regarding the time to respond to motions, how to properly serve another party and requirements for responses to motions. LR 5-1 sets forth the requirements for proof of service:

> (a) All papers required or permitted to be served shall have attached when presented for filing a written proof of service. The proof shall show the day and manner of service and the name of the person served. Proof of service may be by written acknowledgment of service or certificate of the person who made service.
>
> (b) The court may refuse to take action on any paper until a proof of service is filed. Either on its own initiative or on a motion by a party, the court may strike the unserved paper or vacate any decision made on the unserved paper.

LR 7-2(b) requires a party to respond to a motion fourteen days (14) after service of the motion:

> (b) Unless otherwise ordered by the court, points and authorities in response shall be filed and served by an opposing party fourteen (14) days after service of the motion.

LR 7-2(d) goes on to state the requirements for filing a response:

> (d) The failure of a moving party to file points and authorities in support of the motion shall constitute a consent to the denial of the motion. The failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion.

Finally, amended pleadings are governed by LR 15-1:

///

> (a) Unless otherwise permitted by the court, the moving party shall attach the proposed amended pleading to any motion to amend so that it will be complete in itself without reference to the superseding pleading. An amended pleading shall include copies of all exhibits referred to in such pleading.
>
> (b) After the court has filed its order granting permission to amend, the moving party shall file and serve the amended pleading.

Fed. R. Civ. P. 41(b) provides for an involuntary dismissal if plaintiff fails to prosecute or comply with a court order.

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19-- operates as an adjudication on the merits.

**B.     Analysis**

Plaintiff has failed to abide by this Court's Order and several Local Rules regarding Civil Practice.  In addition, Plaintiff's amended complaint fails to cure its original defects and is itself incomplete.  Plaintiff was given the opportunity to amend his complaint to properly set forth claims for retaliation and sexual harassment.  However, in his attempt to amend his complaint, Plaintiff still fails to state a cause of action for retaliation or sexual harassment upon which relief can be granted.

**1.     Retaliation**

Title VII allows persons to sue an employer for retaliation when an employer improperly seeks to punish a person for conduct protected by the Act.  To prove a *prima facie* case of retaliation in violation of Title VII, Plaintiff must establish: (1) that he committed a protected act, such as complaining about discriminatory practices; (2) that he suffered some sort of adverse employment action; and (3) a causal connection between

his protected activity and the adverse act. *See Davis v. Team Elec. Co.*, 520 F.3d 1080, 1093-94, (9th Cir. 2008). It appears that Plaintiff alleges that his only protected activity was appealing the denial of unemployment insurance. Plaintiff fails to allege any other facts. Therefore, this Court cannot determine from the allegations that Plaintiff has stated a claim of retaliation and as such, this claim still falls short of the pleading requirements that would allow the Defendant to be put on fair notice of a legally cognizable claim and the grounds on which it rests.

### 2. Sexual Harassment / Hostile Work Environment

Plaintiff also seeks to amend his complaint to properly assert a sexual harassment / hostile work environment cause of action. In order to prove a *prima facie* case of sexual harassment / hostile work environment in violation of Title VII, Plaintiff must show: (a) that he was subjected to sexual advances; (b) that this conduct was unwelcome; and (c) that the conduct was sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment. *Ellison v. Brady*, 924 F.2d 872 (9th Cir. 1991). Plaintiff has alleged no facts to support a claim for sexual harassment, but only states that he has dates and time and that it is on film.

Regardless, the amended complaint falls far short of stating claims upon which relief can be granted because it is not complete. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). This Court specifically gave instructions on this requirement in its Order:

> Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, if Plaintiff chooses to amend his complaint to state claims for retaliation and sexual harassment, he must also re-allege his discrimination claim. LR 15-1(a) clearly states that any motion to amend shall be complete in itself without reference to the superseding pleading.

(Order pg. 4, ECF No. 3). As the Amended Complaint is not complete in itself, Defendant has moved the court to strike the amended causes of action for retaliation and sexual harassment.

### 3.  Improper Service

In addition to the Amended Complaint being incomplete, the Plaintiff also failed to follow this Court's Order to properly serve the Amended Complaint on the Defendant. There is no certificate of service attached to the Amended Complaint and as such the Court will follow its order which states that "[t]he court may disregard . . . any paper received by a District Judge or Magistrate Judge, or the Clerk which fails to include a certificate of service." (*Id.* at 5). Therefore, the Court GRANTS Defendant's Motion to Strike Plaintiff's Amended Complaint.

### 4.  Discrimination

Plaintiff's sole remaining claim is his discrimination cause of action based on race under Title VII. Defendant also moves to dismiss Plaintiff's last cause of action for his failure to exhaust administrative remedies. Because Plaintiff did not respond to Defendant's motion to dismiss timely according to LR 7-2(a) or with points and authorities according to LR 7-2(d) the Court need not consider whether Plaintiff failed to exhaust administrative remedies. Plaintiff failed to file his response to Defendant's Motion to Dismiss within the fourteen (14) day time period provided by Local Rule 7-2(b) as amended November 30, 2009. Further, Plaintiff's one paragraph response to Defendant's motion to dismiss falls short of any points and authorities that would suffice for the Court to consider denial of the motion. Instead the response constitutes consent to the granting of the motion. *See* LR 7-2(d).

*Pro se* litigants in a civil case should not be treated more favorably than parties with attorneys of record. *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986)

(upholding summary judgment against pro se plaintiff in civil rights case where plaintiff failed to file responsive material in opposition of summary judgment motion). *Pro se* litigants must follow the same rules of procedure that govern all litigants. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Plaintiff must have been aware that he needed to respond to the Defendant's Motion to Dismiss otherwise he would not have filed a Response. However, even ignoring the substantive deficiencies of his response, the failure to file the response within fourteen (14) days violates the local rules.

Failure to follow a district court's local rules is a proper ground for dismissal. *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988). Before dismissing an action for noncompliance with a local rule, the district court is required to weigh (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendant; (4) public policy favoring disposition of cases on their merits; and (5) the availability of less a drastic sanction. *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). Although the contents of their pleadings are construed liberally in their favor, *pro se* litigants are still bound by the rules of procedure. *Id.* Here the factors listed weigh in favor of dismissal. The public's interest in expeditious resolution of litigation and the court's need to manage its docket is strong. Defendants have an interest in resolving this matter in a timely manner. The fifth factor also favors dismissal, as the court has undertaken the less drastic measure of warning Plaintiff that his failure to follow this Court's Order could constitute consent to dismissal. *See Buss v. Western Airlines, Inc.*, 738 F .2d 1053, 1054 (9th Cir.1984), cert. denied, 469 U.S. 1192 (warning plaintiff that failure to obey a court order will result in dismissal satisfies the requirement that the court consider alternatives). The interest in disposing of the case on its merits is greatly outweighed by the factors favoring dismissal.

/ / /

## CONCLUSION

For all the reasons stated above, IT IS HEREBY ORDERED THAT Defendant's Motion to Dismiss or in the alternative Motion to Strike (ECF No. 9) is GRANTED.

DATED this 2nd day of December, 2010.

_____
Gloria M. Navarro
United States District Judge