**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| ARTHUR J. WHEELER, | ) | Case No.: 2:10-cv-00866-GMN-PAL |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| TERRIBLE HERBST, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## INTRODUCTION

Before the Court is Plaintiff Arthur J. Wheeler's Motion to Reconsider (ECF No. 18). Defendant filed a Response on December 27, 2010 (ECF No. 19) and Plaintiff filed a Reply on January 13, 2011 (ECF No. 23).

Also before the Court is Defendant Terrible Herbst Inc.'s Counter Motion to Strike Amended Complaint (ECF No. 20). Plaintiff filed a Response (ECF No. 24) and Defendant filed a Reply (ECF No. 25).

## FACTS AND BACKGROUND

Plaintiff, Arthur Wheeler, was proceeding in this action *pro se* when he filed a Complaint on May 26, 2010 against Defendant, Terrible Herbst Oil Corporation. This Court granted Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) and, upon screening the Complaint pursuant to §1915(e), this Court dismissed Plaintiff's claims for retaliation and sexual harassment for failure to state a claim upon which relief can be granted; however, the dismissal was without prejudice and with leave to amend. (Order ¶ 5, pg. 5, ECF No. 3). Plaintiff's claim for discrimination under Title VII of the Civil Rights Act of 1965 survived the screening Order. (*See* Order, ECF No. 3).

Plaintiff timely filed a Motion to Amend the Complaint on August 12, 2010. (ECF

No. 8). Defendant filed a Motion to Dismiss Complaint or in the alternative Motion to Strike Amended Complaint or in the Alternative Motion for Summary Judgment on August 19, 2010. (ECF No. 9). An automated Minute Order was issued on August 20, 2010 advising Plaintiff that he had fourteen (14) days from the date of the Minute Order to respond to the Motion to Dismiss. (ECF No. 10). However, Plaintiff untimely filed his Response on September 8, 2010, after the deadline. (ECF No. 11).

The Court addressed the deficiencies of Plaintiff's Amended Complaint and untimely Response in its December 2, 2010 Order Granting Defendant's Motion to Dismiss. (ECF No. 16). The Court ruled that dismissal was proper for failure to file a response to Defendant's Motion to Dismiss under Local Rule 7-2(d) and for failure to follow court orders but also determined that the Plaintiff had failed to provide sufficient facts to support the retaliation and sexual harassment / hostile work environment claims. Plaintiff subsequently filed the instant motion to reconsider.[1]

## DISCUSSION

**A.      Legal Standard**

Under Rule 60(b)(1), a court may "[on] motion and just terms . . . relieve a party . . . from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b) and (b)(1). Whether mistake, inadvertence, surprise, or excusable neglect justifies relief in any particular case is within the discretion of the district court. *See United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009). The determination turns on the particular facts of each case, and the case law is generally only helpful by analogy to rulings on existing fact patterns. 12 MOORE, FEDERAL PRACTICE § 60.41[1][a] (3d ed. 2008).

---

[1] Plaintiff attaches a proposed amended complaint to his motion. The proposed complaint only has causes of action for race discrimination and retaliation. Therefore the Court concludes that Plaintiff waives any argument that the cause of action for sexual harassment and hostile work environment survive.

"A motion to reconsider must provide a court with valid grounds for reconsideration by (1) showing some valid reason why the court should reconsider its prior decision, and (2) setting forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. U.S.*, 256 F.Supp.2d 1180, 1183 (D.Nev. 2003)(citing *All Hawaii Tours, Corp. v. Polynesian Cultural Ctr.*, 116 F.R.D. 645, 648 – 49 (D.Haw. 1987), *rev'd on other grounds*, 855 F.2d 860 (1988)). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Id.* (citing *School Dist. No. 1J, Multnomah County v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir.1993)). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).

**B.      Analysis**

Plaintiff requests clarification as to whether the Court's December 2, 2010 Order dismissed the case "with or without" prejudice. The Court's Order did not indicate that the complaint was dismissed without prejudice with leave to amend. Unless the dismissal order states otherwise, a dismissal "operates as an adjudication upon the merits." Fed. R. Civ. P. 41(b). The Court dismissed Plaintiff's Amended Complaint for failure to provide sufficient facts to support the retaliation and sexual harassment / hostile work environment claims and for violating various Rules of Civil Procedure under Rule 41(b) and Local Rules of Civil Practice 5-1 and 7-2. Therefore, in this case the Court Order is a dismissal with prejudice.

Plaintiff next argues that if the dismissal is with prejudice that it is "clear error" by the Court and "manifestly unjust." First, Plaintiff argues that the Court's December 2010 Order (ECF No. 16) granting Defendant's Motion to Strike was clearly erroneous because Wheeler had until November 11, 2010 to serve his Amended Complaint to Defendant. However, Plaintiff's arguments are misplaced; the 120 day deadline provided in the July 2010 Order

(ECF No. 3) was not referencing the service of the Amended Complaint.  The Magistrate Judge's initial Order (ECF No. 3) instructed Plaintiff that the *original* Complaint shall be served within 120 days of the Order.  Plaintiff was then provided thirty (30) days from the date of the July 14, 2010 Order to file an Amended Complaint, if he believed he could correct the noted deficiencies.  The Order (ECF No. 3) specifically cautioned that:

> From this point forward, Plaintiff shall serve upon Defendant, or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading motion or other document submitted for consideration by the court. Plaintiff shall include with the original papers submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the Defendants. The court may disregard any paper received by a District Judge or Magistrate Judge which has not been filed with the Clerk, and any paper received by a District Judge, Magistrate Judge, or the Clerk which fails to include a certificate of service.

(ECF No. 3).

The Order plainly stated that failure to comply with the stated requirements would result in the dismissal of these claims. (*Id.*)  Thus, Plaintiff was clearly warned that the Court would strike any paper received that failed to include a certificate of service.  When the Court made its ruling on December 2, 2010 dismissing Plaintiff's Complaint, both the Amended Complaint and Plaintiff's Response to Defendant's Motion to Dismiss failed to meet the July 14, 2010 Order's requirements and therefore were properly stricken.

Plaintiff also argues that he should be allowed to amend his complaint because it is consistent with Rule 12(b), Rule 15 and the requirements of *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988) and *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).  Plaintiff argues that based on these rules Plaintiff should be allowed to amend his pleading as a matter of right. Plaintiff argues that since the Court granted Defendant's Motion to Strike, there is no

Amended Complaint on file and thus Plaintiff is allowed to file another Amended Complaint.

While the Court would generally agree and does liberally allow the filing of amended pleadings, Plaintiff was already permitted an opportunity to amend his complaint following the Court's July 14, 2010 Order.  The proposed amended complaint was stricken by the Court because Plaintiff failed to properly serve the Defendant and failed to timely and properly respond to the Motion to Dismiss.  However, this Court nonetheless additionally analyzed the claims presented in Plaintiff's Amended Complaint and again for a second time it was determined the Plaintiff had failed to state a claim pursuant to 12(b)(6).  It does appear however, that the Court's Order is unclear when it ordered that the Amended Complaint be stricken and also the case be dismissed.  The request to strike the Amended Complaint should have properly been denied as moot because the Amended Complaint was dismissed based on the failure to state a claim and failure to respond to the motion to dismiss.

Plaintiff's Amended Complaint consisted of only two letters. The entirety of the first letter was three sentences:

> *This letter is to Amend the charge of Sexual Harassment by the Supervisor Ruben. The EEOC, probletly [sic] did not investigated [sic] deep enough. I have Dates and times these incident Happen [sic], and its on Film.*

(ECF No. 8).
The second letter states as follows:

> *This letter is to Amend the Charge of Retaliation, because I was denied unemployment Insurance, when I appealed to the unemployment supervisor, He [sic] said Terrible Herbst Retaliated Against [sic] me. Terrible Herbst did not even show up for the unemployment Hearing [sic].*

 (*Id.*).  Neither of these letters amounts to an appropriate Amended Complaint.

Furthermore, when Defendants filed a Motion to Dismiss, an automated Minute Order

(ECF No. 10) was filed the very next day which provided notice to Plaintiff pursuant to the requirements of *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988), and *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998). Plaintiff did not respond to the motion to dismiss pursuant to these requirements. Thus, this Court's December 2, 2010 ruling granting Defendant's Motion to Dismiss and Strike was based, in part, on Plaintiff's history of failing to follow court orders or abide by the rules of procedure under the *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) factors. However, to be procedurally proper the Court should have ordered the Motion to Dismiss Granted and the Motion to Strike Denied as moot. This defect does not change the outcome of the Court's Order.

Finally, Plaintiff argues that it is manifestly unjust to dismiss the case with prejudice where the Plaintiff was *pro se*. Plaintiff asserts that "a court should grant a *pro se* party every reasonable opportunity to amend." *Pena v. United States of America*, 157 F.3d 984, 987 n3 (5th Cir. 1998); *See also Flaherty v. Lang*, 199 F.3d 607, 612 ("Dismissal under rule 12(b)(6) is not appropriate unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. This caution applies with greater force where the complaint is submitted pro se or the plaintiff alleges civil rights violations.") As stated above, the Court's July 14, 2010 Order did provide Plaintiff an opportunity to amend. Plaintiff filed a timely Amended Complaint but failed to serve it despite the instructions provided in the July 14, 2010 Order.

Defendant filed a Motion to Dismiss on August 19, 2010 (ECF No. 9) and Plaintiff was provided a notice pursuant to *Klingele*, *et. al*. Plaintiff filed an untimely Response on September 8, 2010. Plaintiff's Response consisted of one sentence: "*I, Arthur J. Wheeler would Like for you Not to dismiss this Case, because the [sic] I have proof I am now looking for a Lawyer.*" (Response, ECF No. 11). Plaintiff retained counsel on October 4, 2010 and the Court did not rule on Defendant's Motion to Dismiss for more than two months after

counsel was retained. Counsel had ample time to file a motion with the Court before the December Order to remedy Plaintiff's deficient Response and amended complaint. Thus, the Court finds that it did give the Plaintiff a reasonable opportunity to properly amend under the circumstances of this case.

The Court does not believe that it committed clear error or that its prior ruling was manifestly unjust. Accordingly, Plaintiff's Motion to Reconsider is DENIED. Further, Defendant's Counter Motion to Strike is moot based on this Court's denial of Plaintiff's Motion to Reconsider.

## CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff Arthur J. Wheeler's Motion to Reconsider (ECF No. 18) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Terrible Herbst Inc.'s Counter Motion to Strike Amended Complaint (ECF No. 20) is **DENIED as moot.**

DATED this 16th day of May, 2011.

_____
Gloria M. Navarro
United States District Judge