# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

ARTHUR J. WHEELER,

        Plaintiff,

vs.

TERRIBLE HERBST OIL CO., a Nevada corporation,

        Defendant.

Case No. 2:10-cv-00866-GMN-NJK

**ORDER**

Before the Court is the Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 36) filed by Defendant Terrible Herbst Oil Co. ("Defendant"). Plaintiff Arthur J. Wheeler ("Plaintiff") filed a Response (ECF No. 40) and Defendant filed a Reply (ECF No. 41).

## I. BACKGROUND

This case arises from a Title VII claim brought by Arthur J. Wheeler ("Plaintiff") against his former employer, Terrible Herbst ("Defendant"). (First Am. Compl., ECF No. 35.) Plaintiff claims that Defendant terminated him based on race and in retaliation for complaints that Plaintiff filed with the Equal Employment Opportunity Commission ("EEOC"). (*Id*.) Plaintiff filed his Amended Complaint on January 13, 2013, alleging two causes of action (1) Discrimination; and (2) Retaliation. (ECF No. 35.) Defendant filed a Motion to Dismiss Plaintiff's First Amended Complaint on January 30, 2013, based on the theories that: (1) this Court lacks jurisdiction; or in the alternative, (2) the Plaintiff has failed to state a claim upon which relief can be granted. (ECF No. 36.)

## II. JURISDICTION

### A. Legal Standard

A district court has jurisdiction over a Title VII claim only after a plaintiff exhausts his

or her administrative remedies. *Greenlaw v. Garrett*, 59 F.3d 994, 997 (9th Cir. 1995). In order to exhaust administrative remedies the complainant must "file a timely charge with the EEOC, thereby allowing the agency time to investigate the charge." *Lyons v. England*, 307 F.3d 1092, 1104 (9th Cir. 2002) (citing 42 U.S.C. § 2000e-5(b)). The jurisdiction that a district court possesses is directly tied to the scope of the EEOC charge and investigation. *Leong v. Potter*, 347 F.3d 1117, 1122 (9th Cir. 2003). "The specific claims made in district court ordinarily must be presented to the EEOC." *Id*.

However, the fact that the EEOC has not investigated a given claim does not automatically preclude a court from reviewing the claim. *B.K.B. v. Maui Police Dept.*, 276 F.3d 1091, 1099 (9th Cir. 2002) (holding that the EEOC's failure to address a claim brought by the plaintiff will not bar the plaintiff from filing an action in federal district court). In fact, whether the EEOC conducted any investigation at all has no bearing on exhaustion. *Id.* at 1100. The district court has jurisdiction over claims of discrimination "that either 'fell within the scope of the EEOC's actual investigation or an EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.'" *Id*. (emphasis omitted) (quoting *EEOC v. Farmer Bros. Co.*, 31 F.3d 891, 899 (9th Cir. 1994)); *accord Sosa v. Hiraoka*, 920 F.2d 1451, 1456 (9th Cir. 1990). If the allegations of discrimination are not included in the EEOC investigation, they may not be "'considered by a federal court unless the new claims are like or reasonably related to the allegations contained in the EEOC charge.'" *B.K.B.*, 276 F.3d at 1100 (quoting *Green v. Los Angeles Cnty. Superintendent of Schs.*, 883 F.2d 1472, 1475-76 (9th Cir. 1989)).

The charges found in the EEOC investigation are to be construed "'with utmost liberality since they are made by those unschooled in the technicalities of formal pleading.'" *Id*. (quoting *Kaplan v. Int'l Alliance of Theatrical & Stage Emps.*, 525 F.2d 1354, 1359 (9th Cir. 1975)). "The crucial element of a charge of discrimination is the factual statement contained therein." *Id.* (citation and internal quotation marks omitted). When a plaintiff pleads

allegations that were not included in the EEOC charge the district court should consider "the alleged basis of the discrimination, dates of discriminatory acts specified within the charge, and any locations at which discrimination is alleged to have occurred." *Id*.  Also, when looking at allegations that were not included in the EEOC charge, the court "inquires whether the original EEOC investigation would have encompassed the additional charges." *Green*, 883 F.2d at 1476.

### B. Discussion

In this case, for the reasons discussed below, the Court concludes that Plaintiff has exhausted the administrative remedies such that this Court has subject matter jurisdiction over Plaintiff's Title VII claim.  Plaintiff exhausted his administrative remedies by filing a timely charge with the EEOC, thus providing the agency an opportunity to investigate the charge.  Although Plaintiff's December 9, 2008, EEOC charge omitted any reference to being terminated on the basis of race, the Court finds that the allegations could reasonably be expected to grow out of the charge of discrimination.  Specifically, Defendant terminated Plaintiff's employment on February 4, 2009, 57 days after he filed his charge with the EEOC.  If the alleged racial discrimination in the EEOC charge is true, which the Court must assume at the pleading stage, then it can be inferred that the Defendant similarly terminated Plaintiff based on his race.  Because Plaintiff alleged racial discrimination in his EEOC charge, the Court finds that an allegation that Plaintiff was subsequently terminated based on race could reasonably be expected to grow out of Plaintiff's original charge. *See B.K.B.*, 276 F.3d at 1100. ("[s]ubject matter jurisdiction extends over all allegations of discrimination that either fell within the scope of the EEOC's actual investigation or an EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.") (internal quotation marks and emphasis omitted).

Furthermore, the Court finds that the factual basis for Plaintiff's termination claim is

sufficiently similar to the factual basis reported to the EEOC.  First, as noted above, the time between the initial filing with the EEOC and the termination is a mere fifty-seven (57) days. Second, the allegations included in the EEOC charge and in the instant Complaint took place in the same location.  Finally, even though the EEOC investigation did not conclude until March 17, 2010, more than one year after Defendant terminated Plaintiff's employment and the EEOC did not investigate the termination, as stated above, the EEOC's failure to investigate Plaintiff's wrongful termination allegations does not preclude the Plaintiff from bringing these claims now on the basis of failing to exhaust the administrative remedies.

Defendant's reliance on *National R.R. Passenger Corp. v. Morgan,* 536 U.S. 101 (2002) is unpersuasive; *Morgan* is distinguishable from the instant case. 536 U.S. 101 (2002).  In *Morgan*, the Supreme Court explained that section 2000e-5(e)(1) requires that a Title VII plaintiff file a charge with the EEOC either 180 or 300 days after the alleged unlawful employment practice occurred. *Id*. at 104-5.  The Supreme Court was presented in *Morgan* with the issue of whether a Title VII plaintiff may file suit regarding events that fell outside the 180 or 300 day window but were related to allegations that fell within the period. *Id*.  The instant case is distinguishable from *Morgan* because the allegations brought by Plaintiff are allegations that came after the EEOC filing, not before it as in *Morgan*.  Therefore, based on the reasons above, the Court finds that the Plaintiff successfully exhausted the requisite administrative remedies.

### III.    FAILURE TO STATE A CLAIM

#### A.    Legal Standard

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not

give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

Rule 8(a)(2) requires that a plaintiff's complaint contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added). "Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

/ / /

**B.  Discussion**

  **1.  *Discrimination Based on Race***

The Defendant correctly cites the *McDonnell Douglas* framework for the elements of a prima facie case required to prove a discrimination charge under Title VII. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).  However, in *Swierkiewicz v. Sorema N. A.*, the Supreme Court expressly concluded that for the purpose of a motion to dismiss a plaintiff need not plead specific facts establishing a prima facie case under the *McDonnell Douglas* framework. 534 U.S. 506, 511 (2002) ("This Court has never indicated that the requirements for establishing a prima facie case under *McDonnell Douglas* also apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss."))[1].

  In this case, Plaintiff's Complaint merely states that he was treated differently because of his race. (Am. Compl., ¶ 3, ECF No. 35.)  Although Defendant alleges that his race was different from that of his first supervisor, Mr. Fajardo (whom Plaintiff calls "Tijarjo"), Plaintiff does not offer any incidents, explain how, or tell in what way Mr. Fajardo treated "him differently because of his race." (*See id.*)  Furthermore, in regards to Plaintiff's second supervisor, Mr. White, Plaintiff only contends that Mr. White "continued the discrimination and retaliation." (*Id.* at ¶ 3)  Plaintiff offers nothing more than conclusory allegations of racial discriminations.  Such allegations fall short of the pleading standard established in *Iqbal* and *Twombly*.  Therefore, the Court concludes that Plaintiff's Complaint fails to state a claim for race discrimination.  Accordingly, the Court grants Defendant's motion and dismisses Plaintiff's First Cause of Action.

  Although the Court grants Defendant's Motion to Dismiss Plaintiff's First Cause of Action, the Court also grants Plaintiff leave to amend his First Cause of Action.  The Court concludes that the deficiencies of the Complaint can be cured by amendment.  Also, the Court's

---

[1]  "*Swierkiewicz* did not change the law of pleading." *Twombly*, 550 U.S. at 570.

discretion to freely give leave to amend, coupled with the fact that a futility of amendment is not found in this case, makes granting Plaintiff leave to amend appropriate. Plaintiff shall file his Amended Complaint within thirty (30) days from the date of entry of this Order. Failure to file an Amended Complaint by that date will result in dismissal of Plaintiff's First Cause of Action with prejudice.

### *2. Retaliation*

To show a prima facie case for a retaliation claim a complainant must show "(1) the employee engaged in a protected activity, (2) he suffered an adverse employment action, and (3) there was a causal link between the protected activity and the adverse employment action." *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1093-94 (9th Cir. 2008). Applying this standard to the instant action, the Court finds that Plaintiff established the necessary elements to plead his Second Cause of Action for retaliation. Thus, as to Plaintiff's Second Cause of Action, the Court denies Defendant's Motion to Dismiss.

First, Plaintiff's Complaint establishes that he engaged in a protected activity because filing a complaint with the EEOC is a protected activity. *See* 42 U.S.C. § 2000e-3; *Jordan v. Clark*, 847 F.2d 1368, 1375-76 (9th Cir. 1988). Second, Plaintiff suffered an adverse employment action when Defendant terminated Plaintiff's employment. *See Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761 (1998). Finally, temporal proximity is enough of a causal link between the protected activity and the adverse employment action to plead the third prong of the prima facie case for a retaliation claim. *Strother v. S. Cal. Permanente Med. Grp.*, 79 F.3d 859, 870-71 (9th Cir. 1996). Timing can establish causation, but "in order to support an inference of retaliatory motive, the termination must have occurred fairly soon after the employee's protected expression." *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1065 (9th Cir. 2002) (internal quotation marks omitted). The Court finds that the fifty-seven (57) days between Plaintiff filing a complaint with the EEOC and his termination is temporally

close enough—that is, it occurred fairly soon after—to establish a causal link between the two. *See Miller v. Fairchild Indus., Inc.*, 885 F.2d 498, 505 (9th Cir. 1989) (holding that employee being laid off fifty-nine days after attending an EEOC fact-finding conference satisfied the causal link).

For these reasons, the allegations in Plaintiff's Complaint establish all three elements of a prima facie case for retaliation in violation of § 2000e-3. Therefore, as to Plaintiff's Second Cause of Action, the Court denies Defendant's Motion to Dismiss.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Dismiss (ECF No. 36) filed by Defendant Terrible Herbst Oil Co. is **DENIED in part** and **GRANTED in part**. Defendant's Motion to Dismiss Plaintiff's First Cause of Action is **GRANTED.** Plaintiff is given leave to amend his First Cause of Action. Defendant's Motion to Dismiss Plaintiff's Second Cause of Action is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff shall file his Amended Complaint, amending only his First Cause of Action, within thirty (30) days of the date of entry of this Order. **Failure to file an Amended Complaint by that date will result in DISMISSAL of Plaintiff's First Cause of Action with prejudice**.

**DATED** this 30th day of July, 2013.

_____
Gloria M. Navarro
United States District Judge